IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAYMOND SULLIVAN | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1352 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Raymond Sullivan, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Sullivan was convicted of the disciplinary offense of possessing 19 Dilantin pills, receiving punishments of 45 days of cell and commissary restrictions, reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 45 days of good time credits. Prison records show and Sullivan acknowledges that he is not eligible for release on mandatory supervision.

The Respondent filed an answer arguing that Sullivan has not shown the deprivation of a constitutionally protected liberty interest because he is not eligible for release on mandatory supervision. Sullivan filed a reply to the answer contending that he had a reasonable expectation of receiving parole because TDCJ entered into a contract with him to pay for his college tuition, which he is to repay upon his parole release. He also complained that he was dropped from his college classes but still must pay for them.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that Sullivan's petition be dismissed. The Magistrate Judge stated that the punishments of cell and commissary restrictions and reduction in classification status did not exceed Sullivan's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause, nor did they impose atypical or significant hardships in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

The Magistrate Judge further observed that where a prisoner is eligible for release on mandatory supervision, the loss of good time could implicate a protected liberty interest. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Where a prisoner is not eligible for release on mandatory supervision, by contrast, the loss of good time only affects the possible release on parole. There is no constitutional right to release on parole in the State of Texas. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Prisoners who are not eligible for release on mandatory supervision thus do not have a constitutionally protected liberty interest in good time credits.

Although Sullivan argued that he had a reasonable expectation in receiving parole, the Magistrate Judge determined that the fact Sullivan may have signed a contract with TDCJ regarding tuition repayment did not create a liberty interest in parole and did not give him anything more than a mere hope of early release, which is not constitutionally protected. The Magistrate Judge further concluded that the fact that Sullivan still had to repay the tuition from his college classes did not set out a basis for habeas corpus relief.

## III. Sullivan's Objections to the Report

In his objections, Sullivan contends that the reductions in his class and custody levels will have a negative effect on the Parole Board's decision to grant or deny him parole. He states that he has "a constitutional right to appeal this disciplinary case" and that he has a constitutional liberty

interest in having the Parole Board presented with true and accurate information upon which to rely in making the determination on his parole release.

Sullivan further asserts that each of the due process violations in his disciplinary case were violations of liberty or property interests. He claims that TDCJ created liberty interests by limiting the discretion of disciplinary hearing officers and that he has a protected liberty interest, created by TDCJ regulations, in receiving due process before disciplinary convictions are placed before the Parole Board.

Next, Sullivan contends that good time does not accelerate eligibility for parole because he was required to serve 15 years without consideration of good time before becoming eligible for parole, which he did in 2012. He states that his good time serves as a "badge of honor" which exists on paper, but which nonetheless belongs to him; although the good time is "intangible property," Sullivan contends it cannot be confiscated without due process.

## IV. Discussion

As the Magistrate Judge explained, the operative factor is the nature of the deprivation. *Sandin*, 515 U.S. at 483-84 and n.5. The deprivation about which Sullivan complains is the denial of parole. He has no constitutional right to release on parole. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991). Consequently, the loss of his good time credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Magistrate Judge correctly determined that Sullivan did not show a deprivation of any constitutionally protected liberty interests.

In *Montez v. Hampton*, 595 F.App'x 418, 2015 U.S. App. LEXIS 3237 (5th Cir., March 2, 2015), the Fifth Circuit stated as follows:

> However, none of the punishments which Montez received as a result of his disciplinary convictions - i.e. solitary confinement, change in custodial classification, and forfeiture of good time credits that affected his parole eligibility - implicates a protected liberty interest; thus, Montez cannot allege a due process claim with respect to his disciplinary proceedings. *See Sandin v. Conner,* 515 U.S. 472, 484,

115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

The same situation exists in this case. The deprivations imposed upon Sullivan, including cell and commissary restrictions, reduction in classification status, and the loss of good time credits possibly having an adverse impact upon a potential parole release, did not exceed Sullivan's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of their own force, nor did they impose atypical or significant hardships in relation to the ordinary incidents of prison life. An alleged failure by prison officials to follow prison regulations does not itself amount to a constitutional violation of due process. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Sullivan's objections are without merit. *See Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007) (federal habeas corpus relief cannot be granted absent a deprivation of a right secured by the Constitution or laws of the United States).

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Raymond Sullivan is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **19** day of **July, 2017.**

_____
Ron Clark, United States District Judge